Veronika Fabian, State Bar 018770
Hyung S. Choi, State Bar 015669
CHOI & FABIAN, PLC
1423 S. Higley Rd., Suite 110
Mesa, AZ 85206
Tel:   (480) 517-1400
Fax:   (480) 517-6955
Veronika@choiandfabian.com
Hyung@choiandfabian.com
 Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Anthony Howe,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>National Credit Works, a New York corporation,<br><br>　　　　Defendant. | No. _____<br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Defendant communicated with Plaintiff's brother and sister regarding a debt he allegedly owed without his consent.  Plaintiff brings this action to remedy Defendant's violation of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 15 U.S.C. § 1681(p), 28 U.S.C. §1337(a).

## PARTIES

3. Plaintiff Mark Anthony Howe ("Mr. Howe") is an individual residing in Flagstaff, Coconino County, Arizona.

4. Mr. Howe is a natural person, allegedly obligated to pay a debt, and is thus a "consumer" as defined by the FDCPA. 15 U.S.C. § 1692a(3).

5. Defendant National Credit Works ("NCW") is a New York corporation.

6. NCW is not licensed to collect debts in the state of Arizona.

7. NCW regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to another.

8. NCW is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Mr. Howe lives in a trailer with his mother, father, brother and sister.

10. He works the night shift at a grocery store as a stocker.

11. He is the only person in his household who works as the rest of his family members are disabled.

12. Sometime in 2007, Mr. Howe took out several payday loans to pay for emergency expenses.

13. One of the payday loan companies from who he obtained a loan was Advance America in Phoenix, Arizona.

14. Mr. Howe obtained this loan for personal, family, and household purposes.

15. Mr. Howe believed that he had paid all of his loans back.

16. Sometime in 2010, Mr. Howe's alleged debt to Advance America was assigned to NCW for collection.

17. In connection with that collection, NCW placed a phone call to Mr. Howe's home line in Flagstaff, Arizona, which began with the area code (928), at around 4:00 p.m.

18. Because Mr. Howe works the nightshift, he was asleep.

19. Mr. Howe's sister Lily answered the phone.

20. When the caller asked for Mark Howe, Lily told her that Mark was asleep.

21. The caller then identified herself as Ms. Hunter.

22. Ms. Hunter proceeded to tell Lily Kelly that her brother had a big debt and that if he did not make arrangements for payment, his wages would be garnished and he would possibly be thrown in jail.

23. Lily Kelly became very upset as Mr. Howe is the only income earner in the family.

24. Lily Kelly handed the phone to Mr. Howe's brother, Michael Howe.

25. Michael identified himself as Michael Howe, Mark Howe's brother, and asked whether he could help her.

26. Ms. Hunter, told Michael that she was from a firm and that she was collecting on a debt from Mark.

27. Ms. Hunter told Michael the amount of the alleged debt.

28. Michael put Ms. Hunter on hold while he went to try to wake Mark up.

29. Mark told Michael to take a message and he would call back Ms. Hunter when he woke up.

30. When Michael conveyed that information to Ms. Hunter, she told him that Mark needed to call back and make arrangements to pay the alleged debt.

31. Ms. Hunter told Michael that she was sending a subpoena and that if Mark did not pay, his wages would be garnished and that he could possibly be thrown in jail.

32. Prior to the above-described communications, Mr. Howe never consented for NCW to discuss the alleged debt with Lily Kelly.

33. Prior to the above-described communications, Mr. Howe never consent for NCW to discuss the alleged debt with Michael.

34. Both Lily Kelly and Michael were very upset by the phone call.

35. When Mr. Howe woke up, Lily Kelly and Michael told him about the phone call.

36. Mr. Howe was extremely concerned, especially about the claims that he could be thrown in jail.

37. Mr. Howe called Ms. Hunter back.

38. Ms. Hunter again repeated the information she had provided to both Lily Kelly and Michael.

39. Ms. Hunter also claimed that she had already spoken to Mr. Howe and that she had verified his identity based on Mr. Howe's social security number.

40. Michael never gave Ms. Hunter Mr. Howe's social security number.

41. Michael does not know Mr. Howe's social security number.

42. Subsequent to this initial communication, NCW did not send Mr. Howe a written communication explaining his rights under the FDCPA pursuant to 15 U.S.C. § 1692g.

43. NCW has not served a summons or a subpoena on Mr. Howe as it claimed that it would in its phone call with Mr. Howe and his family members.

## CAUSE OF ACTION NO. 1: VIOLATION OF THE FDCPA

44. Defendant's acts and omissions constitute violations of the FDCPA, including, but not limited to:

    a.  Improper Communications with third parties in connection with the collection of the alleged debt.  15 U.S.C. § 1692c(b);

    b.  Failure to provide the 1692g(a) notice within five days after its initial communication with Mr. Howe; 15 U.S.C. § 1692g(a);

    c.  The use of false, deceptive, or misleading representations or means in connection with the collection of a debt; 15 U.S.C. § 1692e;

    d.    The threat to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5);

    e.    Misrepresenting the character, amount, or legal status of the debt; 15 U.S.C. § 1692e(2)(A);

    f.    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; 15 U.S.C. § 1692e(10); and,

    g.    The use of unfair or unconscionable means to collect or attempt to collect any debt; 15 U.S.C. § 1692f.

45. As a result of NCW's violations of the FDCPA, Mr. Howe suffered damages in an amount to be determined by this Court.

46. NCW is therefore liable to Mr. Howe in the amount of Mr. Howe's actual damages, statutory damages in the amount of $1,000, and costs and attorney's fees. 15 U.S.C. § 1692k(a).

**JURY DEMAND**

47. Mr. Howe demands a jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court award him:

    a.    His actual damages;

b.  Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2).

c.  Attorney's fees and costs in bringing this action pursuant to 15 U.S.C. § 1692k(a)(3);

d.  Prejudgment and post-judgment interest; and,

e.  Such other relief as it deems just.

RESPECTFULLY SUBMITTED on December 17, 2010.

CHOI & FABIAN, PLC


 /s/ Veronika Fabian
Attorneys for Plaintiff

7